```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE DAVID LUIS,

                        Petitioner,

        -against-

UNITED STATES OF AMERICA,

                        Respondent.
----------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   APR 06 2016   ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CR 04-939

(Wexler, J.)

APPEARANCES:

    JOSE DAVID LUIS
    No. 68928-053
    Petitioner, Pro se
    U.S.P. Atlanta
    P.O. Box 150160
    Atlanta, GA 30315

    ROBERT CAPERS, ESQ.
    UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK
    BY:   RAYMOND A. TIERNEY, ESQ., ASSISTANT UNITED STATES ATTORNEY
    Attorney for Respondent
    271 Cadman Plaza East
    Brooklyn, NY 11201

WEXLER, District Judge:

    Before the Court is the petition of the pro se Plaintiff, Jose David Luis ("Petitioner" or "Luis"), requesting that the Court reopen his criminal case, appoint counsel and hold an evidentiary hearing. Although no procedural basis is set forth in Petitioner's application, he appears to be seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255, and the Court will

treat the instant application as such. The grounds for Petitioner's application are that under the Supreme Court's holding in Rosemond v. United States, __ U.S. __, 134 S. Ct. 1240 (2014), his conviction is now based on a non-criminal act. The Respondent, the United States of America ("Respondent" or the "Government"), opposes Petitioner's application.

For the following reasons, Petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

## BACKGROUND

On September 10, 2007, Petitioner pleaded guilty to Count nine of the second-superseding indictment, which charged that on September 17, 2004, Petitioner, a member of MS-13, along with other MS-13 members, caused the death of Genaro Venegas through the use of a firearm, in violation of 18 U.S.C. §§ 924(j)(1) and (2). In connection with his plea, Petitioner waived any right to appeal so long as the Court imposed a sentence of 327 months or less, as well as any right to collaterally attack the sentence imposed pursuant to 28 U.S.C. § 2255. (Tr. of Plea dated Sept. 10, 2007, 8-9, 12-13.) Petitioner was sentenced on March 8, 2011 to a term of imprisonment of 262 months, with five years supervised release, $100 mandatory special assessment fee and $2,500 in restitution. (Tr. of Sentencing dated Mar. 8, 2011, 9-10.) Petitioner did not appeal his sentence.

## DISCUSSION

I. <u>Waiver</u>

Where, as here, a defendant knowingly pleads guilty and waives the right to appeal any

sentence imposed that falls within an agreed upon term, the sentence cannot be attacked either by direct or collateral appeal. See United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999). As evidenced by the transcript of the plea taken before Magistrate Judge Boyle on September 10, 2007, Magistrate Boyle extensively discussed with Petitioner the fact that as part of the plea agreement, Petitioner was giving up both his right to appeal the sentence imposed and his right to collaterally attack his conviction under 28 U.S.C. § 2255. (Plea Tr. 12-13.) In fact, Magistrate Boyle explicitly asked Petitioner whether he agreed that he would "take no further steps to challenge these proceedings," and Petitioner replied "[y]es." (Plea Tr. 13.)

Based on the record before the Court, it is clear that Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255. Accordingly, Petitioner's application is denied.

II.     Rosemond v. United States

Even if the Court were to find Petitioner had not waived his right to seek habeas relief, his application still fails on the merits as the holding in Rosemond v. United States, __ U.S. __, 134 S. Ct. 1240 (2014) is inapplicable here.

In Rosemond, the Supreme Court held that in order to find a defendant guilty of aiding and abetting a crime of violence or drug trafficking under 18 U.S.C. § 924(c), the Government must prove "that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Id. at 1243. According to the Supreme Court, a § 924(c) "defendant's knowledge of a firearm must be advance knowledge - or otherwise said, knowledge that enables [the

defendant] to make the relevant legal (and indeed, moral) choice." Id. at 1249. In reaching this conclusion, the Supreme Court stated as follows:

> When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an *armed* offense. But when an accomplice knows nothing of a gun until it appears at the scene, he may already have completed his acts of assistance; or even if not, he may at that late point have no realistic opportunity to quit the crime. And when that is so, the defendant has not shown the requisite intent to assist a crime involving a gun.

Id. (emphasis in original). Accordingly, "an unarmed accomplice cannot aid and abet a § 924(c) violation unless he has foreknowledge that his confederate will commit the offense with a firearm." Id. (quotation omitted).

Petitioner's application argues that the guilty plea adopted by the Court was insufficient under Rosemond because the Court did not ascertain whether Petitioner knew in advance that one of his cohorts would use a firearm in causing the death of Genaro Venegas. According to Petitioner, since he himself did not have a gun, and he did not know that one would be used during the crime, he "may not be held accountable for causing death through the use of a firearm." (Petitioner's Mot. 2.)

Petitioner's argument misses the mark in several respects. First, Rosemond involved a conviction after trial and the adequacy of the instructions provided to the jury concerning aiding and abetting a violent or drug trafficking crime under § 924(c). Here, there was no trial - and therefore, no jury instructions - because Petitioner pleaded guilty pursuant to a plea agreement. Second, as explained above, Rosemond concerned charges brought pursuant to 18 U.S.C. § 924(c), which prohibits "us[ing] or carr[ying] a firearm" . . . during and in relation to any crime

of violence or drug trafficking crime. 18 U.S.C. § 924( c). Here, Petitioner was charged with, and pleaded guilty to, a violation of 18 U.S.C. § 924(j), which makes it a crime to "cause[] the death of a person through the use of a firearm." 18 U.S.C. § 924(j). The crime for which Petitioner pleaded guilty and was ultimately imprisoned was not even considered by the Court in Rosemond.

Finally, the transcript from Petitioner's allocution demonstrates that the crime with which Petitioner was being charged, the elements of the crime, and the Government's burden of proof were all clearly and sufficiently explained to Petitioner. (Plea Tr. 15-18.) After questioning by Magistrate Judge Boyle, Petitioner acknowledged the accuracy of the charges brought against him and described his role in the crime. (Plea Tr. 18-26.) Specifically, Petitioner acknowledged that he drove the car that transported Genaro Venegas to the murder site, that he participated in the murder of Venegas, and that he knew Venegas's death was the intended outcome. (Plea Tr. 22-25.) Petitioner further acknowledged that Venegas's death was planned and that it was caused using a firearm. (Plea Tr. 23-24.) In addition, the Government outlined its proof to be offered if the case were to proceed to trial, stating that it had forensic evidence, including a fingerprint from Petitioner that was found inside a speaker where the murder weapon was stored. (Plea Tr. 26.) Petitioner acknowledged the accuracy of the Government's evidence against him. (Plea Tr. 27.)

Based on the foregoing, the Court finds that the Supreme Court's holding in Rosemond is inapplicable here and Petitioner's request for a writ of habeas corpus pursuant to 18 U.S.C. § 2255 is denied.

## CONCLUSION

Petitioner's application for a writ of habeas corpus pursuant to 18 U.S.C. § 2255 is denied in its entirety.

**SO ORDERED:**

Dated: Central Islip, New York
      April 6, 2016

s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge