UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

JOSE DAVID LUIS,

               Defendant.
-------------------------------------------------------------X

**For Online Publication Only**

**ORDER**
16-cv-2405 (JMA)
04-cr-939 (JMA)

FILED
CLERK
2:22 pm, Jul 06, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

Defendant Jose David Luis ("Defendant") has filed a pro se petition that seeks to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. See Motion to Vacate, ECF No. 496 (the "Petition"). For the reasons set forth below, the Petition is DENIED.

## I. BACKGROUND[1]

### A. Plea and Sentencing

On September 10, 2007, Defendant entered a guilty plea to Count Nine of the second superseding indictment, which charged that Defendant, along with several other MS-13 members, caused the death of Genaro Venegas through the use of a firearm, in violation of 18 U.S.C. §§ 924(j)(1) and (2). (See Minute Entry, ECF No. 249; September 10, 2007 Transcript ("Plea Tr."), ECF No. 252.) In the plea agreement, Defendant waived any challenge to his sentence or conviction on appeal or by collateral attack if the sentence imposed was three hundred twenty-seven (327) months or less. (Plea Tr. at 11:18-21.)

On March 8, 2011, District Judge Leonard D. Wexler sentenced Defendant to two hundred sixty-two (262) months imprisonment and imposed a five (5) year term of supervised release to

---

[1] Only background facts relevant to determination of the pending Petition are set forth herein.

commence following his release from prison. (See Minute Entry, ECF No. 442; Judgment, ECF No. 446; March 8, 2011 Transcript ("Sent. Tr."), ECF No. 519.) Defendant did not appeal his sentence or conviction. (Sent. Tr. At 9:6-12.)

**B. Collateral Attacks**

On December 23, 2014, Defendant filed a petition to re-open his case in light of the Supreme Court's ruling in Rosemond v. United States, 572 U.S. 65, 134 S. Ct. 1240 (2014). (See ECF No. 491.) On April 6, 2016, the Court determined that his petition lacked a procedural posture and construed it as a writ of habeas corpus made pursuant to 28 U.S.C. § 2255. (See ECF No. 495.) The Court denied Defendant's petition because he had "knowingly and voluntarily waived his right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255" as part of his plea agreement. (Id.)

Defendant then filed the instant Petition on May 9, 2016, through which he seeks to collaterally attack and vacate his conviction and sentence pursuant to § 2255, relying on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551 (2015). Defendant appears to argue that the conduct for which he was convicted has been retroactively rendered non-criminal by Johnson, thus requiring vacatur of his conviction and sentence. (See generally Petition.) The Government contends that the Petition should be denied because: (1) Defendant waived his right to collaterally attack his conviction and sentence; and (2) Johnson is inapplicable to Defendant's conviction and instant claim. (See ECF No. 497 ("Gov't Opp.") at 2.)

After the parties briefed the instant motion, the Supreme Court handed down its decision in United States v. Davis, __ U.S. __, 139 S. Ct. 2319 (2019), where it struck down Section 924(c)'s residual clause as unconstitutional. As such, while not briefed by the parties, the Court considers Davis in its analysis of the Petition.

2

## II.  DISCUSSION

**A.  Section 2255 Standard and the Parties' Arguments**

Section 2255 permits a prisoner in custody to move to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  To merit relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citation omitted).  The petitioner must also show that the constitutional error had "substantial and injurious effect" that caused "actual prejudice."  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks and citation omitted).  Moreover, to "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982); see also Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010)).

Defendant challenges his conviction and sentence, arguing that his underlying conduct has been retroactively rendered non-criminal by Johnson, thus requiring its vacatur.  The Government argues that:  (1) Defendant waived his right to collaterally attack his conviction and sentence; and (2) even if he did not waive this right, Johnson is inapplicable to Defendant's instant claim.

As explained below, the Court finds that the collateral attack waiver in Defendant's plea agreement precludes a challenge to his conviction and sentence under Johnson and Davis.  The Court also finds that, even absent this waiver, Defendant's claims based on Davis fail on the merits.

3

**B. Waiver**

"Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). Waivers are found to be unenforceable "only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently," or "when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases…" Id. (internal quotation marks and citation omitted). The Second Circuit has also generally stated that waivers may be voided where there has been "[a] violation of a fundamental right," such, for example, where "the sentence imposed was based on unconstitutional factors." United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011).

The Government argues that Defendant's petition is barred by the plea agreement's collateral attack waiver. (ECF No. 497 at 9.) Defendant does not suggest that the waiver was not knowing or voluntary,[2] but maintains that he has a due process right to challenge his conviction and sentence based on the Supreme Court's ruling in Johnson. (ECF No. 496 at 2.)

The Second Circuit has held that collateral attack waivers preclude challenges to sentences based on Johnson. See Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (quoting United States v. Lee, 523 F.3d 104, 107 (2d Cir. 2008); United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005)) (explaining that "a defendant's 'inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver" and that "the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements'"). The Second Circuit, however, has not ruled on whether a plea agreement that

---

[2] Despite Defendant's failure to raise the issue, the Court has reviewed the record and is satisfied that there is no basis to determine that the plea agreement was not knowing or voluntary. During the plea hearing, Defendant acknowledged, under oath, that his right to challenge his sentence and conviction would be waived if the sentence imposed upon him was 327 months or less. (See Plea Tr. at 11:18-21.) He further acknowledged that he had read the plea agreement and reviewed it with counsel. (Id. at 4:11-15; 9:17-25.)

waives appeal and collateral attacks is enforceable where a petitioner raises a <u>Davis</u> challenge to a Section 924(c) <u>conviction</u>.

District courts in the Second Circuit are divided over whether collateral attack waivers preclude challenges to convictions based on <u>Davis</u> and <u>Johnson</u>.  Some have enforced collateral attack waivers and dismissed challenges to Section 924(c) convictions under <u>Davis</u> and <u>Johnson</u> based on such waivers, see <u>United States v. Mazara</u>, No. 10-cr-281, 2023 WL 144128, at *3-5 (E.D.N.Y. Jan. 10, 2023); <u>Richardson v. United States</u>, No. 3:19-cv-1499, 2021 WL 736416, at *11, n. 9 (D. Conn. Feb. 25, 2021); <u>United States v. Welch</u>, No. 17-cr-126, 2020 WL 6200168, at *3 (E.D.N.Y. Oct. 22, 2020), while others have refused to enforce such waivers where a defendant challenges a Section 924(c) conviction under <u>Davis</u>.  See, e.g., <u>United States v. Rivera</u>, No. 08-cr-115, 2023 WL 1766209, at *1 (E.D.N.Y. Feb. 3, 2023) (collecting cases); <u>Scalisi v. United States</u>, No. 10-cr-46, 2022 WL 4058946, at *4 (E.D.N.Y. Sept. 2, 2022); <u>United States v. McCarron</u>, No. 15-cr-257, 2020 WL 2572197, at *3 (E.D.N.Y. May 20, 2020).

Although the petitioner in <u>Sanford</u> only sought vacatur of his sentence under <u>Johnson</u>, the Court did not indicate that its reliance on a voluntary and knowing waiver to bar that challenge was limited to challenges to sentences.  To the contrary, it cited, without limitation, prior case law for the proposition that "[a] defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable."  <u>Sanford</u>, 841 F.3d at 580 (citing <u>United States v. Gomez-Perez</u>, 215 F.3d 315, 318 (2d Cir. 2000) (additional citations omitted)).

This Court concludes that Defendant's collateral attack waiver precludes a <u>Davis</u> challenge to his Section 924(c) conviction.  This conclusion is supported by both <u>Sanford</u> and the district court decisions cited above that found such waivers barred challenges to convictions, as well as decisions from multiple circuits that have enforced collateral attack waivers to bar challenges to

convictions based on Davis. See, e.g., Portis v. United States, 33 F.4th 331, 334 (6th Cir. 2022); United States v. Moore, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022); United States v. Brooks, No. 20-10401, 2022 WL 2871200, at *2 (5th Cir. July 21, 2022) (per curiam); King v. United States, 41 F.4th 1363, 1365 (11th Cir. 2022).

Additionally, five justices of the Supreme Court—in a recent opinion denying a writ of certiorari—agreed that collateral attack waivers bar challenges to convictions based on Davis. See Grzegorczyk v. United States, 142 S. Ct. 2580 (2022) (finding that "the Seventh Circuit correctly concluded that the defendant's unconditional guilty plea precluded any argument based on the new caselaw" where the predicate crime of violence for the defendant's Section 924(c) conviction was Murder-For-Hire based on his solicitation of undercover law enforcement agents as part of an unsuccessful attempt to murder his wife); see also Grzegorczyk v. United States, No. 18-3340, 2021 WL 1916496 (7th Cir. May 13, 2021) (decision below discussing the defendant's appeal waiver). Notably, in United States v. Caldwell, 38 F.4th 1161, 1162 (5th Cir. 2022), the Fifth Circuit relied on the opinion in Grzegorczyk in finding that the defendant's challenge to his Section 924(c) conviction was precluded by the collateral attack waiver in his plea agreement.

While non-binding, Grzegorczyk further informs the Court's decision to enforce Defendant's collateral attack waiver here. As Defendant's collateral attack waiver is enforceable, his § 2255 petition must be dismissed. Moreover, even if the collateral attack waiver was not enforceable, Defendants' claim would fail on the merits.

## C. Merits

The Court further concludes that Defendant's instant petition lacks merit and is subject to dismissal on this alternate basis. Here, Defendant seeks vacatur of his conviction and sentence pursuant to § 2255 and a retroactive application of the Supreme Court's decision in Johnson. See

generally Petition. As the relevant law has developed significantly since the motion's filing, the Court analyzes Defendant's instant request in light of both Johnson and Davis, the latter of which directly addresses convictions under Section 924(c).

In Davis, the Supreme Court invalidated Section 924(c)'s residual clause – Section 924(c)(3)(B), which defines a "crime of violence" as a crime that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used." The Court in Davis found the residual clause to be unconstitutionally vague. See Davis, 139 S. Ct. at 2324-25. In doing so, however, the Supreme Court left intact the statute's "elements clause," which defines a "crime of violence" as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); Davis, 139 S. Ct. at 2325 (noting that defendants had also been convicted under the elements clause for use of a firearm in the course of a robbery).

In determining whether an offense satisfies Section 924(c)'s "elements clause," the Court uses a "categorical" approach, meaning an offense only constitutes a "crime of violence" upon which a Section 924(c) conviction may be predicated if the offense satisfies the statute's "elements clause." See Feliz v. United States, No. 16-cv-4449, 2022 WL 4554460, at *1 (S.D.N.Y. Sept. 29, 2022); Fernandez v. United States, 569 F. Supp. 3d 169, 174-75 (S.D.N.Y. 2021). Under this approach, courts "evaluate whether the minimum criminal conduct necessary for conviction under a particular statute necessarily involves violence." United States v. Hendricks, 921 F.3d 320, 327 (2d Cir. 2019) (citations omitted). In doing so, courts "focus only on the elements of the offense and do not consider the particular facts of the underlying crime." Id.

Based on the "elements cause," the Court rejects Defendant's request to vacate his conviction and sentence. Initially, the Court notes that Defendant voluntarily pled guilty to Count

Nine of the second superseding indictment, and admitted that he, along with several other MS-13 members, caused the death of Genaro Venegas through the use of a firearm, in violation of 18 U.S.C. §§ 924(j)(1) and (2).  (See ECF Nos. 249, 252.)  Section 924(j) penalizes "a person who, in the course of a violation of [Section 924](c), causes the death of a person through the use of a firearm."  18 U.S.C. § 924(j).  Likewise, Section 924(c) penalizes "any person who, during and in relation to any crime of violence or drug trafficking crime…uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  18 U.S.C. § 924(c).  Here, the second superseding indictment charged that the relevant "crime of violence" was murder under New York Penal Law § 125.25, and Defendant explicitly allocated to violating New York Penal Law §125.25, as charged in the indictment.  (See Plea Tr. At 16:4-26:4.)

As Defendant's conviction implicates Section 924(c)'s "crime of violence" definitions, the Court must consult the statute's "elements clause" to satisfy itself that Defendant pled guilty to a crime that satisfies the permissible, post-Davis definition of a "crime of violence."  A review of the relevant, post-Davis caselaw leads the Court to conclude that Defendant's murder conviction under New York Penal Law § 125.25 – which was incorporated into Defendant's instant conviction – qualifies as a "crime of violence" under Section 924(c)'s "elements clause."  See, e.g., United States v. Martinez, No. 15-1384, 2021 WL 968815, at *6, n. 4 (2d Cir. Mar. 16, 2021) (Defendant "does not question whether intentional murder under New York law is a violent crime, and neither do we."); United States v. Santos, No. 01-cr-537, 2022 WL 4325520, at *5 (E.D.N.Y. Sept. 19, 2022) (denying § 2255 petition based on underlying murder conviction's satisfaction of Section 924(c)'s "elements clause" because it "ha[d] as an element the use…of physical force against the person…of another"); Pagan v. United States, No. 10-cr-392-1, 2022 WL 1124924, at *3 (S.D.N.Y. Apr. 14, 2022) (denying § 2255 petition and concluding that murder is one of the "actual

crimes of violence that categorically fit under the elements clause"); Boykin v. United States, No. 16-cv-4185, 2020 WL 774293, at *8 (S.D.N.Y. Feb. 18, 2020) ("[I]ntentional causation of death, as required by N.Y. Penal Law § 125.25(1), necessarily involves the use of physical force."). Defendant's motion thus fails on the merits, and the Court denies it in full.[3]

### III.  CONCLUSION

For the foregoing reasons, Defendant's Petition, ECF No. 496, is DENIED. The Clerk of the Court is respectfully directed to close the corresponding civil case, No. 16-cv-2405.

The Court declines to issue a certificate of appealability because Defendant has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED**.

Dated: Central Islip, New York  
      July 6, 2023

     /s/ (JMA)  
Hon. Joan M. Azrack  
United States District Judge

---

[3] In light of the above, it is unnecessary to address the Government's argument that the instant motion is procedurally barred under § 2255 as a "second" or "successive" petition or consider the potential impact of Jones v. Hendrix, No. 21-857, 2023 WL 4110233, at *3-4 (U.S. June 22, 2023), on that argument.